IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENNIS JOSEPH TETSO,   *

    Petitioner   *

    v.   *     Civil Action No. DKC-18-2494

WARDEN RICHARD DOVEY and   *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND[1]   *

    Respondents   *
                      ***

**MEMORANDUM OPINION**

Dennis Joseph Tetso, an inmate confined at the Maryland Correctional Training Center in Hagerstown, Maryland, seeks to attack his 2010 convictions for second degree murder. ECF Nos. 1, 4. In a limited answer, Respondents argue that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 10. Tetso has responded. ECF No. 12. After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Petition will be denied and dismissed.

**Procedural History**

In October of 2010, after a jury trial in the Circuit Court for Baltimore County, Tetso was convicted of second degree murder. ECF No. 10-1; *see Tetso v. State*, 205 Md. App. 334 (2012). Tetso was sentenced on November 23, 2010, to a thirty year term of confinement, with all but eighteen years suspended, followed by five years' supervised probation. *Tetso*, 205 Md. App. at 240. He noted a timely appeal, and on June 4, 2012, the Court of Special Appeals of Maryland affirmed his conviction. The court's mandate issued on July 5, 2012. ECF No. 10-1, p. 14. Tetso

---

[1]    The Clerk shall amend the docket to reflect the correct names of Respondents.

filed a Petition for Writ of Certiorari to the Court of Appeals of Maryland, which was denied on September 24, 2012. *Tetso v. State*, 428 Md. 545 (2012) (table). Therefore, Tetso's convictions became final on December 23, 2012. *See Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000)(noting that time for appealing state court conviction concludes when time for filing petition for writ of certiorari in the Supreme Court, 90 days, expires); *see also* Sup. Ct. Rule 13.1 (certiorari petition is to be filed within 90 days of the date of the challenged judgment).

Tetso filed several post-trial motions including a motion for new trial, multiple motions to revise sentencing credit, multiple motions for reconsideration of sentence pursuant to Maryland Rule 4-345(e), and a motion to correct an illegal sentence under Maryland Rule 4-345(a). ECF No. 10-1, pp. 12-15. Each motion was denied. *Id*. The last motion was resolved against Tetso in an unreported opinion issued by the Maryland Court of Special Appeals on December 23, 2013. *Id*., p. 15. The Court's mandate issued on January 22, 2014. *Id*. Thereafter, on April 21, 2014, the Maryland Court of Appeals refused Tetso's Petition for Writ of Certiorari. *Tetso v. State*, 437 Md. 640 (23014) (table). Tetso has filed nothing else in state court. ECF No. 10-1, pp. 15-16.

Tetso filed the instant petition on August 8, 2018.[2] ECF No. 1. In the Petition, as supplemented, Tetso contends that: (1) since the victim's body was not found, the State's evidence of criminal *mens rea* was insufficient to justify his conviction (ECF No. 4, pp. 3-8); (2) the State obtained evidence illegally (ECF No. 4, p. 3, 9-12); (3) his sentence is illegal because the sentencing court refused to award credit for time served on house arrest; (ECF No. 4, p. 3 13-15); and (4) ineffective assistance of trial counsel (ECF No. 1, p. 2-3).

---

[2] The Petition was received on August 14, 2018, but is dated August 8, 2018, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

On December 21, 2018, pursuant to the court's Order, Respondents filed a limited answer, arguing that the Petition is time-barred and should be dismissed on that basis. ECF No. 10. The court issued an Order on December 21, 2018, granting Tetso twenty-eight days from that date to file a response addressing the timeliness issue. ECF No. 11. Tetso's response was received on January 7, 2019. ECF No. 12.

### Timeliness

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the court reach the merits of Tetso's claims.

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). However, a one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§ 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Respondents argue that the petition is time barred and should be dismissed. ECF No. 10. Tetso asks that the court consider his claims, indicating his lack of knowledge of the law and inability to obtain assistance in pursuing his claims. ECF No. 12.

As noted above, Tetso's convictions became final on December 23, 2012, and the statute of limitations began to run on December 24, 2012. *See* 28 U.S.C. § 2244(d)(1). Assuming that each of the motions filed by Tetso in the state court after his convictions became final did serve to toll the limitations period (*see* 28 U.S.C. § 2244(d)(2)), his state court motions and post-conviction proceedings concluded on April 21, 2014, when the Court of Appeals of Maryland denied Tetso's certiorari petition and he no longer had any motions pending in state court. He did not file the instant petition until August 8, 2018, over four years after the conclusion of his state court proceedings and well after the one year limitations period expired.

Tetso does not offer any specific arguments in favor of equitable tolling. ECF No. 12. The United States Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003)(*en banc*). Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at

4

649 (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)(stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *id.* (citing cases). Moreover, Tetso's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246*; Harris*, 209 F.3d at 330. Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted), the court cannot find that Tetso acted with reasonable diligence. Tetso's conviction became final on December 23, 2012, thereby triggering the limitation period. He did not file his federal Petition until August 8, 2018, almost six years later. The court concludes that Tetso is not entitled to equitable tolling.

To the extent that Tetso argues he is entitled to have the untimely filing of this Petition excused because he is actually innocent, his argument also fails. Actual innocence is an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *Id*. at 392. Thus, Petitioner's claims which are time-barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror

would have convicted [the petitioner].'" *Id*. at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In the context of an untimely petition, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Perkins*, 569 at 399. "It would be bizarre to hold that a habeas petitioner who asserts a convincing claim of actual innocence may overcome the statutory time bar § 2244(d)(1)(D) erects, yet simultaneously encounter a court-fashioned diligence barrier to pursuit of [his] petition." *Id*. "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. at 392.

Examples of the type of new evidence that have been found to satisfy the actual innocence gateway standard are: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," *House v. Bell*, 547 U.S. 518, 540-41 (2006); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9-10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense and separately boasted to other individuals that he set-up the petitioner); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense and five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, *see Garcia v. Portuondo*, 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004). *See generally Schlup*, 513 U.S. at 324 (providing the Supreme Court's statement that

examples of sufficient new reliable evidence for a gateway claim including "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

Tetso contends that since the murder of his wife she has been spotted alive in Pennsylvania (ECF No 1, p. 1; ECF No. 4, p. 8). It is clear that the alleged sightings of the victim in Pennsylvania were known at trial. *Id*. Additionally, Tetso seems to claim evidence of his actual innocence based on his being advised by the Maryland Department of Vital Records that no certificate of death exists for the victim. ECF No. 1-1, pp. 4-5; ECF No. 4, p. 8. However, under Maryland law, a death certificate does not issue until the deceased's body has been examined by a medical professional or the State medical examiner. Md. Code Ann., Health Gen. § 4-212(b). Since the victim's body has not been recovered, the requisite examination has not occurred.

In short, Tetso has failed to offer any new evidence in support of his claim of actual innocence and as such, he is not entitled to the have his untimely filing excused. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 315-17. "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Id.* at 324. The Supreme Court "caution[ed], however, that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (brackets omitted) (quoting *Schlup*, 513 U.S. at 329); *House*, 547 U.S. at 538; *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence . . . should not be granted casually.") (internal citations omitted). To sustain a credible claim of actual innocence a Petitioner must marshal "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial." *Schlup*, 513 U.S at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. at 324. The gateway actual innocence "standard is demanding and permits review only in the extraordinary case." *House*, 547 U.S. at 538 (citation omitted); *see, e.g., Perkins*, 569 U.S. at 401 ("We stress once again that the [actual innocence] standard is demanding."); *Wilson*, 155 F.3d at 404 ("Claims of actual innocence . . . presented . . . as gateways to excuse a procedural default . . . should not be granted casually."). Accordingly, the Petition is time-barred and is denied and dismissed.

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Tetso fails to satisfy this standard, the court declines to issue a Certificate of Appealability. Tetso may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

A separate Order follows.

September 25, 2019 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge